IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC ) | |
| ) | |
| Plaintiff, ) | Case No. 6:12-CV-00572 LED |
| ) | |
| vs. ) | |
| ) | |
| TECHNICOLOR USA, INC. and ) | **JURY TRIAL DEMANDED** |
| TECHNICOLOR SA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TECHNICOLOR SA'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND
INSUFFICIENT SERVICE OF PROCESS**

**I.   INTRODUCTION**

Defendant Technicolor, SA hereby appears for the limited purpose of filing this motion and respectfully requesting the Court dismiss Plaintiff Blue Spike, LLC's ("Blue Spike") Complaint pursuant to Rules 12(b)(2), (3), and (5).  In support of this motion, Technicolor SA submits the declaration of Adrien Cadieux ("Cadieux Decl."), the General Secretary of Technicolor SA.  As set forth in the Cadieux Declaration and explained in more detail below, Blue Spike's Complaint should be dismissed for the following reasons: (1) Technicolor SA has no activities in Texas that constitute the minimum contacts sufficient to assert personal jurisdiction over Technicolor SA; (2) venue in this District is also improper; and (3) Blue Spike failed to serve Technicolor SA (a French corporation) pursuant to the terms of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention").

## II. BACKGROUND

Blue Spike has accused two different entities of patent infringement: Technicolor SA and Technicolor USA, Inc. *See generally* ECF No. 1. With regard to personal jurisdiction, Blue Spike made the following allegations:

> The Court has personal jurisdiction over Defendant for at least five reasons: (1) Defendant has designated an agent for service of process in the State of Texas; (2) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (3) Defendant regularly does business or solicits business in the District and in Texas; (4) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (5) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

ECF No. 1 at ¶6. Blue Spike also made the following allegations regarding venue:

> Venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District.

*Id.* at ¶7. Despite having sued two completely separate companies, Blue Spike's personal jurisdiction and venue allegations only refer to a single "Defendant". For purposes of this motion, Technicolor SA assumes that "Defendant" in paragraphs six and seven in Blue Spike's Complaint is referring to Technicolor SA. As explained in more detail below, Blue Spike's allegations are demonstrably false.

Technicolor SA is incorporated under the laws of France with its principal place of business in Paris, France. *See* Cadieux Decl. at ¶2. Technicolor USA, Inc. is a Delaware corporation, and is a wholly owned subsidiary of Technicolor SA with its principal place of

business in Indianapolis, Indiana. *Id.* at ¶3. Technicolor USA, Inc. also has locations in Hollywood, California and Princeton, New Jersey. *Id.* As a wholly owned subsidiary, Technicolor USA, Inc.: (1) maintains its own finances; (2) maintains its own Board of Directors; (3) has its own management; (4) has its own employees; (5) controls its own day-to-day activities; and (6) is responsible for sales and marketing for products in the United States. *Id.* at ¶4.

Technicolor SA has no involvement in the finances, day-to-day activities, management, sales, marketing, or any other corporate responsibilities of Technicolor USA, Inc. *Id.* at ¶5. Moreover, Technicolor SA does not solicit or conduct business in Texas. *Id.* at ¶6. Specifically, Technicolor SA does not have any offices or business operations, own any property, or maintain any bank accounts in Texas. *Id.* Technicolor SA does not sell any products in Texas, does not offer any services in Texas, and has no retailer(s), distributor(s), agent(s), or contractor(s) in Texas. *Id.* Technicolor SA specifically does not sell any "Accused Products," as defined in Blue Spike's Complaint. *Id.* at ¶10. Furthermore, Technicolor SA does not attend trade shows in Texas or send representatives to Texas. *Id.* at ¶6. And Technicolor SA is not licensed to do business in Texas and does not pay any taxes in Texas. *Id.* Given Technicolor SA's absence from any Texas markets, Technicolor SA has not derived any revenue from sales in Texas. *Id.* at ¶7.

Additionally, despite acknowledging in its Complaint that Technicolor SA is a French Corporation (*see* ECF No. 1 at ¶4), Blue Spike failed to serve Technicolor SA under the Hague Convention.[1] Instead, Blue Spike attempted to serve Technicolor SA through the Texas

---

[1] France is a signatory to the Hague Convention. *See* http://www.hcch.net/index_en.php?act=conventions.status&cid=17.

Secretary of State.[2]  More specifically, Blue Spike provided a copy of the summons and Complaint to the Texas Secretary of State on October 17, 2012, and the Secretary of State then sent a copy of the same to Technicolor SA via international certified mail on October 22, 2012. *See* Cadieux Decl. at ¶8 and Exhibit A attached thereto.  Technicolor SA received the summons and Complaint from the Texas Secretary of State on November 5, 2012.  *Id.*  As of the date of this motion, Technicolor SA has not received any communication through the Central Authority in France related to this case.  *Id.* at ¶9.

### III. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

The issues to be decided by the Court are whether Blue Spike's Complaint should be dismissed for: (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and/or (3) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

### IV. ARGUMENT

#### A. There is No Personal Jurisdiction Over Technicolor SA

Blue Spike's Complaint should be dismissed because this Court does not have personal jurisdiction over Technicolor SA.  Maintaining this suit against Technicolor SA in view of the absence of Technicolor's requisite minimum contacts with Texas would offend the traditional notions of fair play and substantial justice the due process clause was designed to protect.

##### 1. Technicolor SA is Not Subject to General Personal Jurisdiction in This District

In cases involving personal jurisdiction over a nonresident defendant accused of patent infringement, Federal Circuit law governs. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566

---

[2] In paragraph 4 of its Complaint, Blue Spike alleged that it could serve Technicolor SA either through Technicolor USA, Inc. or through the Texas Secretary of State.  *See* ECF No. 1 at ¶4.  While both methods of service are improper, Blue Spike only attempted one—service through the Texas Secretary of State.

F.3d 1012, 1026 (Fed. Cir. 2009); *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 768 (E.D. Tex. 2009). When the parties have not conducted discovery, the plaintiff must make a prima facie showing that the defendant is subject to personal jurisdiction. *Autogenomics*, 566 F.3d at 1017; *Acceleron*, 634 F. Supp. 2d at 768. On a motion to dismiss, "a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Autogenomics*, 566 F.3d at 1017 (internal quotation marks and citation omitted). The plaintiff, however, still bears the burden of showing that the defendant has minimum contacts with the forum state sufficient to support jurisdiction. *Acceleron*, 634 F. Supp. 2d at 769.

Whether personal jurisdiction exists with respect to a nonresident defendant involves two inquiries: "[1] whether the forum state's long-arm statute permits service of process and [2] whether assertion of personal jurisdiction violates due process." *Autogenomics*, 566 F.3d at 1017 (internal quotation marks and citation omitted). Because the Texas long-arm statute "reaches to the constitutional limits" of due process, the personal jurisdiction inquiry focuses on the second prong of the analysis: whether the assertion of personal jurisdiction violates due process. *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002).

Due process requires that a nonresident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). For the requisite "minimum contacts" with a forum state to exist, the defendant's contacts with the forum must be sufficient to confer either "general" or "specific" jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, SA v. Hall*, 466 U.S. 408, 414-16 (1984). To establish either general or specific personal jurisdiction, the contacts must be enough

to demonstrate that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotation marks and citation omitted).

A finding of general jurisdiction requires a prima facie showing that Technicolor SA has "continuous and systematic general business contacts" with Texas. See *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (quoting *Helicopteros*, 466 U.S. at 415-16). "In the case of corporate defendants, it is proper for a court to exercise general jurisdiction when a corporation is 'essentially at home' in the forum state." *Garnet Digital, LLC v. Apple, Inc.*, No. 6:11-CV-647, 2012 WL 4465260, at *1 (E.D. Tex. Sept. 27, 2012) (quoting *Goodyear Dunlop Tires Operations SA v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Blue Spike has not—and cannot—carry its burden to show that Technicolor SA has "continuous and systematic general business contacts" in Texas. Indeed, Blue Spike's formulaic assertions associated with its personal jurisdiction and venue allegations (ECF No. 1 at ¶¶ 6, 7) do nothing to show that Technicolor SA is subject to general personal jurisdiction in Texas. Simply put, any possible connection Blue Spike may try to draw between Technicolor SA and the State of Texas is tenuous at best, and falls woefully short of the "continuous and systematic general business contacts" required for asserting general jurisdiction. Technicolor SA does not solicit or conduct business in Texas. Cadieux Decl. at ¶6. Technicolor SA does not have any offices or business operations, own any property, or maintain any bank accounts in Texas. *Id.* Technicolor SA does not sell any products in Texas, does not offer any services in Texas, and

6

has no retailer(s), distributor(s), agent(s), or contractor(s) in Texas.  *Id.*  It does not attend trade shows in Texas or send representatives to Texas.  *Id.*  And it is not licensed to do business in Texas and does not pay any taxes in Texas.  *Id.*  Given Technicolor SA's absence from any Texas markets, Technicolor SA has not derived any revenue from sales in Texas.  *Id.* at ¶7.  Simply put, there are no allegations in Blue Spike's Complaint or any evidence to support an assertion of general personal jurisdiction against Technicolor SA.

### 2. Technicolor SA is Not Subject to Specific Personal Jurisdiction in This District

"To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Avocent*, 552 F.3d at 1330 (internal quotation marks and citation omitted).  In the context of patent infringement litigation, the Federal Circuit employs a three-prong test, in which the court determines whether "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* at 1332 (internal quotation marks and citation omitted).  The plaintiff has the burden of proving the first two criteria, and then the burden shifts to the defendant to prove that jurisdiction is unreasonable.  *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).  Factors considered when deciding whether an exercise of personal jurisdiction comports with due process include: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive policies.  *See Burger King*, 471 U.S at 477 (internal quotation marks and citation omitted).

In its Complaint, Blue Spike alleges that the "Accused Products" infringe Blue Spike's patents. *See generally* ECF No. 1. Blue Spike generically defined "Accused Products" as "Video Fingerprinting software, systems, applications, and technology." *See id.* at ¶28. Blue Spike did not identify any specific product or service of Technicolor SA that it alleges constitutes an "Accused Product" under the foregoing definition, and for good reason: no such product or service exists. Simply put, Technicolor SA has never made, used, sold, offered to sell, or imported any "Accused Product"—*i.e.*, any software, system, application, or technology involving fingerprinting—neither in Texas nor anywhere else in the United States. *See* Cadieux Decl. at ¶10.

### B. Blue Spike's Complaint Should be Dismissed for Improper Venue

Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *See* 28 U.S.C. § 1391(c); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990); *Garnet Digital,* 2012 WL 4465260, at *1.

Because Technicolor SA is not subject to personal jurisdiction in this Court for the reasons explained above, Technicolor SA also does not "reside" in the Eastern District of Texas with respect to 28 U.S.C. § 1400(b). Moreover, as explained above, Technicolor SA has not committed any act of infringement in this District, nor does it have any "regular and established place of business" in Texas. Accordingly, venue in this District is improper, and Blue Spike's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3).

### C. **Blue Spike Failed to Properly Serve Technicolor SA**

Yet another reason for this Court to dismiss Blue Spike's Complaint against Technicolor SA is because of Blue Spike's insufficient service of process on Technicolor SA Rules 4(f)(1) and 4(h)(2) of the Federal Rules of Civil Procedure control when serving a foreign entity, and they require the plaintiff to effect service of process on a foreign entity in accordance with internationally agreed means of service such as the Hague Convention. *See Retractable Techs., Inc. v. Occupational & Med. Innovations, Ltd.,* 253 F.R.D. 404, 406 (E.D. Tex. 2008).

Rule 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served: . . . (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

*See* FED. R. CIV. P. 4(h). Rule 4(f)(1) provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

*See* FED. R. CIV. P. 4(f). Courts have concluded that "[t]he Hague Convention expressly applies 'in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" *Fleming v. Yamaha Motor Corp., USA*, 774 F. Supp. 992, 994 (W.D. Va. 1991) (*quoting* Hague Convention, November 15, 1965, Article 1, 20 U.S.T. 361, 658 U.N.T.S. 163); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 701 (1988) (noting that when "the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies."). A review of the U.S. State Department's website on the protocol for

serving a French corporation provides the accepted methods of service in France, all of which trigger the Hague convention as they require "transmittal of documents abroad."[3]

There is no evidence Blue Spike has attempted service on Technicolor SA through the Central Authority in France or through any other means acceptable under French law. Indeed, the only papers Technicolor SA has received relating to this matter are those mailed by the Texas Secretary of State. *See* Cadieux Decl. at ¶¶ 8, 9 and Exhibit A attached thereto.

Additionally, Blue Spike's efforts to circumvent the Hague Convention through Texas State law must be rejected. Paragraph four of Blue Spike's Complaint alleges that Blue Spike could serve Technicolor SA either through Technicolor USA, Inc. or through the Texas Secretary of State because "Technicolor SA does business in the State of Texas and in the Eastern District of Texas." *See* ECF No. 1 at ¶4. While both methods of service are improper, Blue Spike only attempted service through the Texas Secretary of State.[4] *See* Cadieux Decl. at ¶8 and Exhibit A attached thereto. Blue Spike did so by relying on the incorrect presumption that Technicolor SA does business in Texas, which presumption allowed Blue Spike to further rely on the Texas Long Arm Statute and the provisions therein identifying the Secretary of State as an agent for service of process. *See* ECF No. 1 at ¶4; *see also* Tex. Civ. Prac. & Rem. Code § 17.044(b); *see also* Tex. Civ. Prac. & Rem. Code § 17.045 (requiring the Texas Secretary of State to serve a nonresident defendant via registered or certified mail).

---

[3] *See* http://travel.state.gov/law/judicial/judicial_2510.html#F. According to the United States Secretary of State's website, service may be effected by completing Form USM-94 and submitting the same to the French Central Authority, by an American or French attorney located in France, or by a French huissier (bailiff). *See id.*

[4] Any attempts to serve Technicolor SA through Technicolor USA, Inc. also would have failed because Technicolor USA, Inc. is not an agent for, or an alter ego of, Technicolor SA.

Even if Blue Spike were correct that Technicolor SA does business in Texas,[5] the Fifth Circuit and other courts in this District have already rejected attempts to serve a foreign corporation by mail. *See Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002) ("We adopt the reasoning of courts that have decided that the Hague Convention does not permit service by mail."); *see also Man Ferrostaal Inc. v. Oldendorff Carriers GMBH & Co.*, Civ. No. H-07-02983, 2009 U.S. Dist. LEXIS 125490 at *7 (S.D. Tex., Jan. 23, 2009) ("Contrary to plaintiff's argument, *Schlunk* does not allow resort to service under state law as a way of circumventing the requirements of the Hague Convention."); *Id.* at *11 ("The service of process that plaintiff effected upon the [defendants] via the Texas Secretary of State is insufficient because it required transmittal of service documents to Germany which, in turn, triggered requirements of the Hague Convention.") (citations omitted).

Accordingly, for the foregoing reasons, Blue Spike's complaint against Technicolor SA should be dismissed for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

For the foregoing reasons, Technicolor SA respectfully requests that the Court dismiss Blue Spike's Complaint against Technicolor SA. And pursuant to this Court's Local Rule C-7(g), Technicolor SA hereby requests an oral hearing on this Motion.

Date:   November 26, 2012                    Respectfully submitted,

                                                 */s/ R. Trevor Carter*
                                                 Wesley Hill (TX Bar No. 24032294)
                                                 **WARD & SMITH LAW FIRM**
                                                 1127 Judson Rd., Ste. 220
                                                 Longview, TX 75601
                                                 Office:  (903) 757-6400
                                                 Direct:  (903) 212-3937

---

[5] Blue Spike's contention that Technicolor SA does business in Texas is incorrect, as explained in Section IV.A.

        Fax:  (903) 757-2323
        Email:      wh@wsfirm.com

        R. Trevor Carter (IN Bar No. 18562-49)
        Andrew M. McCoy (IN Bar No. 28297-49)
        **FAEGRE BAKER DANIELS LLP**
        300 North Meridian St., Suite 2700
        Indianapolis, IN  46204
        Telephone:  (317) 237-0300
        Facsimile:  (317) 237-1000
        Email:      trevor.carter@faegrebd.com
                       andrew.mccoy@faegrebd.com

        *Counsel for Technicolor SA*

## CERTIFICATE OF SERVICE

        The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 26, 2012.  As such, this document was served on all counsel of record who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

        */s/ R. Trevor Carter*